UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| BRIAN KEITH SMITH, | |
| Plaintiff, | Civil Action No. 09-CV-28-KKC |
| v. | |
| LADONNA THOMPSON, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Brian Keith Smith is a prisoner incarcerated at the Western Kentucky Correctional Complex in Fredonia, Kentucky.  Through this action, Smith challenges the Kentucky Department of Corrections' ("KDOC") newly-adopted policy -- which prohibits inmates from wearing wedding bands with stones or gems -- as a violation of his right to religious expression. Having reviewed Smith's Complaint,[1] the Court will dismiss it without prejudice because Smith filed his Complaint before he completed the inmate grievance process.

In his Complaint, Smith indicates that on April 23, 2009, KDOC revised its Corrections Policies and Procedures ("CPP") 17.1 to prohibit inmates from wearing or possessing "any ring that is not a plain band style (without gems, stones, or raised surface)."  This change becomes effective on July 6, 2009, and after that date a ring which

---

[1] The Court must review a complaint filed by a plaintiff who is permitted to proceed without prepayment of the filing fee or who is a prisoner seeking relief against government entities or officials.  28 U.S.C. §§ 1915(e)(2), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  Because the plaintiff is not represented by an attorney, his complaint is held to a more lenient standard.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  When reviewing the complaint, the Court assumes that the facts alleged are true, and draws all reasonable inferences in the plaintiff's favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  The Court must dismiss any claim which fails as a matter of law.  28 U.S.C. § 1915(e)(2).

is not "plain" will be considered contraband in the hands of an inmate. Implementing this policy, the KDOC will afford free mailing to an inmate who wishes to send his or her wedding band out of the prison and free return mail of a "replacement" wedding band provided by a spouse which complies with the new policy. Smith indicates that his wedding band, which contains three small stones, will be considered contraband effective July 6, 2009, and will be confiscated as such if not sent out of the prison before that date.

Before filing his Complaint, Smith filed a grievance regarding the policy on May 7, 2009, which was denied informally by staff on May 8, 2009, and was formally denied after review by the prison's Grievance Committee on May 13, 2009, and on appeal to the Warden on June 8, 2009. On June 9, 2009, Smith appealed the Warden's denial to KDOC's Commissioner, the Defendant in this proceeding. Before receiving a response from the Commissioner, Smith filed this action on June 11, 2009.

In his Complaint, Smith alleges that "as a married Christian Inmate, I personally hold my wedding ring in the highest accord with Essential Religious Practice afforded by God," and that "[m]y wedding ring, placed on my finger by my Wife, is the greatest symbol of unity, infinate [sic] love in heart, mind, spirit and fidelity between a man and his wife." Smith asserts that confiscation of his wedding band under the new policy will violate his right to religious expression guaranteed under the First Amendment to the Constitution of the United States, violate his right to equal protection under the law guaranteed under the Fourteenth Amendment, and violate his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq*. Smith indicates in his Complaint that he does not seek damages, but only an injunction preventing KDOC from implementing the policy.

On June 25, 2009, the Court entered an Order [R. 4] explaining that federal law requires a prisoner to completely exhaust all administrative remedies before filing a civil rights complaint. 28 U.S.C. § 1997e. Because it appeared unlikely that Smith satisfied this requirement, the Court requested additional information from Smith to determine this question. In response, on June 29, 2009, Smith filed a "Motion for Show Cause and Clarification." [R. 6] In it, Smith states that he did not intend to initiate a civil rights action under Section 1983, but only to pursue injunctive relief preventing KDOC from confiscating his wedding band, and that the Commissioner of KDOC has not yet denied his administrative appeal. Although not entirely clear, Smith appears to indicate that he wished the Court to enjoin KDOC from confiscating his wedding band before he had the opportunity to complete exhaustion of his inmate grievance, at which time "he would then file a proper 42 U.S.C. § 1983 [complaint]." Smith asks for clarification from the Court and to be "relieved" of the Court's prior Order.

The Court finds that some clarification would assist Smith. First, when Smith filed his form civil rights complaint with the Court, he initiated a civil rights action. FED.R.CIV.P. 3 ("A civil action is commenced by filing a complaint with the court.") Even had Smith filed only a motion for injunctive relief, the Court would have directed him to file a complaint. An injunction is a form of relief, a remedy, which must be based upon a valid claim. A plaintiff such as Smith must assert his claims in a complaint. FED.R.CIV.P. 8(a). Put simply, the Court cannot grant relief, such as an injunction, until a complaint is filed which asserts a substantive claim that supports the relief he seeks.

Second, federal law provides that:

No action shall be brought with respect to prison conditions under section
1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted.

28 U.S.C. § 1997e(a). This "exhaustion" requirement is mandatory, and because it is created by statute, is not subject to any "judge-made" equitable exceptions, such as futility. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000); *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689-90 (E.D. Ky. 2004). The administrative remedies available to the prisoner must be properly and completely exhausted prior to bringing suit, *Martinez v. P.A. Williams R.*, 349 F.Supp.2d 677 (S.D.N.Y. 2004), and failure to do so renders the complaint subject to dismissal without prejudice. *Cole v. Litscher*, 343 F.Supp.2d 733 (W.D. Wis. 2004).

The imminent approach of the July 6, 2009 effective date of KDOC's new policy does not change this result. While concerns of mootness might tempt a court to fashion an equitable or "emergency" exception to the mandatory exhaustion requirement of the PLRA, courts have thus far refused to do so. *See, e.g., Rivera v. Pataki*, 2003 WL 21511939, **6-7 (S.D.N.Y. 2003) (noting that judicially crafting exceptions to the mandatory exhaustion required by the PLRA is inconsistent with Supreme Court precedent in *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (PLRA eliminates "judicial discretion to dispense with exhaustion.") and *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001) ("we will not read futility and other exceptions into statutory exhaustion requirements where Congress has provided otherwise.")). Further, if Smith is compelled to surrender his current wedding band as contraband on July 6, 2009, this fact will not render his claim moot. While it would deprive him of the opportunity to wear it while the merits of his claim are decided, a subsequent determination that KDOC's policy violates his federal rights could result in its return to him and a determination that he has the right to wear it thereafter.

Finally, the Court is aware that Smith has requested injunctive relief in this case.

However, the exhaustion requirement cannot be circumvented by the simple expedient of requesting injunctive relief. Further, injunctive relief is an extraordinary remedy which will be granted only upon a compelling showing, a demanding standard that Smith's allegations manifestly fail to satisfy. The Federal Rules of Civil Procedure permit a court to enter a temporary restraining order without prior notice and an opportunity to be heard by the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1). Smith indicates that he served a copy of his Complaint upon the Defendant by regular mail. Although Smith's Complaint includes a prayer for injunctive relief, he has not requested that relief by separate motion, and it is therefore unclear whether Defendant has been given actual notice of his intention to immediately pursue such relief before this Court. The Defendant has also yet to be served with process under Rule 4. Smith has made minimal efforts to provide the Defendant with notice; under such circumstances, granting relief on an *ex parte* basis requires a particularly strong showing on the merits. *Fort Wayne Women's Health Org. v. Brane*, 734 F.Supp. 849 (N.D. Ind. 1990); *First Techn. Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 644 (6th Cir. 1993).

Consideration of the traditional factors used to evaluate requests for injunctive relief does not favor the Plaintiff. To decide whether to enter an injunction, a court considers whether:

> 1. the moving party has demonstrated a "strong likelihood" that his claim will prevail on the merits;

>   2.   the moving party will suffer injury that is "irreparable" if the injunction is not entered;
>
>   3.   entering the injunction would likely cause substantial harm to others; and
>
>   4.   entering the injunction would likely benefit the public at large.

*Marchwinski v. Howard*, 309 F.3d 330, 333 (6th Cir. 2002). While ordinarily all of the factors are to be considered, in this context the first is given near-controlling weight. *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) ("[w]hen a party seeks a preliminary injunction on the basis of a potential violation of the First Amendment, the likelihood of success on the merits often will be the determinative factor."); *Bonnell v. Lorenzo*, 241 F.3d 800 (6th Cir. 2001) (if the court finds a "strong likelihood" that a constitutional right is being threatened, a finding of irreparable injury is required).

Here, Smith alleges that KDOC's policy will prevent him from wearing his wedding band, which is "the greatest symbol of unity, infinate [sic] love in heart, mind, spirit and fidelity between a man and his wife," and somewhat cryptically that "as a married Christian Inmate, I personally hold my wedding ring in the highest accord with Essential Religious Practice afforded by God." However, Smith does not allege, let alone provide evidence to support the notion, that wearing the wedding band given to him by his wife is either required by his Christian faith as part of his religious devotion or constitutes a central tenet of that faith. *Cf. Piskanin v. Rendell*, 2008 WL 4442004, **3, 9 (W.D. Pa. 2008) (prison's confiscation of Catholic Miraculous Medal, given to prisoner by his late wife, failed to state claim under First Amendment or RLUIPA, where Catholicism does not require followers to possess medal nor is its use fundamental to religious practice within the church). In the absence of evidence tendered by Smith to support this implicit assertion, the Court notes

that the giving and wearing of wedding bands appears to be considered by many to constitute a primarily cultural, rather than religious, phenomenon which dates back to Roman times.  Indeed, some Christian denominations appear to discourage the wearing of wedding bands, a practice of Pagan origin, as tending towards idolatry.  The Court need not and does not make any determination at this juncture regarding whether Smith may ultimately be able to establish a likelihood of success on the merits at some subsequent point in time, but notes the foregoing only to indicate that, in the absence of some affirmative evidence presented by Smith to establish a central role for a wedding band in the exercise of his religious faith, the relationship is not self-evident.  Given the absence of an evidentiary record upon which to predicate injunctive relief, Smith's request for a temporary injunction must be denied.

        Accordingly, **IT IS ORDERED**[2] that:

    1.      Plaintiff's Motion for Show Cause and Clarification [R. 6] is **DENIED**.

    2.      Plaintiff's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[2]  The foregoing matter has been considered and decided by the Chief Judge pursuant to LR 40.1(b), which provides:

> If it appears that any matter demands immediate attention and the judge to whom the case has been assigned is not or will not be available, the Clerk -- upon request -- must determine if another judge is available who will consent to hear the matter.

Signed on  July 2, 2009